UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TATIANA GARCIA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>COREY DEANES and CITY OF CHICAGO, )<br>ILLINOIS, a Municipal Corporation, )<br>)<br>Defendants. ) | Case No. 19 C 5774<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Sheila M. Finnegan<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiff, TATIANA GARCIA, by and through her attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, COREY DEANES and CITY OF CHICAGO, as follows:

1.  This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, TATIANA GARCIA (hereinafter GARCIA), through acts and/or omissions of defendants, COREY DEANES (hereinafter DEANES) and CITY OF CHICAGO, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2.  Jurisdiction is based upon 28 U.S.C. §§ 1343 and 1331.

3.  Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiff TATIANA GARCIA was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendant COREY DEANES was a sworn member of the Chicago Police Department and was acting under color of state law and as the employee or agent of the CITY OF CHICAGO, ILLINOIS.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7. At approximately 11:30 p.m. on August 28, 2017, plaintiff GARCIA was walking to her vehicle parked at or near the intersection of Cannon Drive and Fullerton Avenue in Chicago, Illinois.

8. Plaintiff GARCIA passed defendant DEANES in his police vehicle as she walked to her vehicle.

9. Plaintiff GARCIA got into her car and started heading home.

10. Defendant DEANES activated his emergency lights and pulled GARCIA over.

11. While inside her vehicle, GARCIA leaned over to retrieve her insurance information from the glove compartment of her vehicle, and saw DEANES staring at her. Upon viewing her bent over, he said, "Damn," which made plaintiff uncomfortable.

12. After plaintiff GARCIA gave defendant DEANES her license and insurance information, DEANES told GARCIA twice how much he would "hate to give [her] a ticket," implying that there was a way out of the situation.

13. DEANES then ordered GARCIA to follow him in his police vehicle.

14. GARCIA complied with the commands of DEANES, and followed him in her vehicle.

15. Defendant DEANES led plaintiff GARCIA further down Cannon Drive, to a desolate and poorly lit section of the street.

16. DEANES then exited his vehicle and walked back over to the driver's side of GARCIA's vehicle.

17. Plaintiff GARCIA stepped out of her vehicle, but had little room to stand outside of the driver's side door, due to defendant DEANES standing so close to the door.

18. DEANES blocked her from moving further away from her vehicle. This strange behavior frightened GARCIA.

19. DEANES asked plaintiff GARCIA for her phone number, apparently as an exchange for letting her off of a traffic ticket. GARCIA, however, declined to give DEANES her phone number.

20. DEANES continued trying to strike up a social conversation with GARCIA. GARCIA, however, was fearful of him because she was in a desolate area and he had the authority of an armed Chicago police officer.

21. GARCIA was not free to leave because of the way DEANES was physically blocking her from moving away from him and because DEANES held on to her driver's license and insurance card while detaining her.

22. At some point, defendant DEANES shone his flashlight into the inside of plaintiff GARCIA's vehicle to search her vehicle.

23. Defendant DEANES attempted to converse with plaintiff GARCIA for approximately 20 or more minutes, despite plaintiff GARCIA's obvious discomfort.

24. DEANES then grabbed plaintiff GARCIA and hugged her without her consent.

25. DEANES slid his hand down her back and over her buttocks, also without her consent. GARCIA was terrified.

26. Defendant DEANES asked plaintiff GARCIA once more for her phone number.

27. At no time during the detention did defendant DEANES run plaintiff GARCIA's information on his police computer, nor did he ever issue her a traffic ticket.

28. Defendant DEANES retained plaintiff GARCIA's license and insurance information for the duration of the traffic stop, and only returned them to her after hugging her and touching her buttocks without her consent.

29. Plaintiff GARCIA was not free to leave during this entire police encounter.

30. GARCIA reported this upsetting incident to the Chicago Police Department and to the Independent Police Review Authority.

31. Plaintiff GARCIA heard nothing further regarding this incident until November of 2018, at which time she was contacted by two Chicago police sergeants, who informed her that DEANES had had abusive physical encounters with other women using his police authority, and that they were pursuing criminal charges against defendant DEANES.

32. DEANES was criminally charged in May 2019. He was indicted on felony charges in June 2019.

33. The Chicago Police Department was aware of defendant DEANES's aggressive and inappropriate sexual behavior towards women as early as 2011, but did nothing to curb this behavior, re-train him, or discipline him.

34. DEANES was assaultive towards other women during his tenure as a Chicago police officer.

35. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiff GARCIA sustained humiliation and indignities, and suffered great mental and emotional pain and suffering, all to her damage.

36. The aforementioned acts of defendant DEANES were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff GARCIA's rights and justify the awarding of exemplary and punitive damages.

37. By reason of the above-described acts and omissions of defendants DEANES and the CITY OF CHICAGO, plaintiff GARCIA was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action, so that she might vindicate the loss and impairment of her rights. By reason thereof, plaintiff GARCIA requests payment by the individual defendant of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff, TATIANA GARCIA, Against Defendant COREY DEANES for Illegal Stop**

38. Plaintiff, TATIANA GARCIA, incorporates and alleges paragraphs 1 - 37, as though set forth herein in their entirety.

39. The stop of plaintiff GARCIA by defendant DEANES was without probable cause or even reasonable suspicion to believe that plaintiff GARCIA was involved in any criminal activity, and without any other legal cause.

40. By reason of the conduct of defendant DEANES, plaintiff GARCIA was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to

the Constitution of the United States and laws enacted thereunder. Therefore, defendant DEANES is liable to plaintiff GARCIA pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff, TATIANA GARCIA, Against Defendant COREY DEANES for Illegal Detention

41. Plaintiff, TATIANA GARCIA, incorporates and alleges paragraphs 1 - 37, as though set forth herein in their entirety.

42. Defendant DEANES illegally detained plaintiff GARCIA during this illegal traffic stop.

43. The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention were not reasonable and extended beyond the time necessary for any possible legitimate police inquiry.

44. By reason of the conduct of defendant DEANES, plaintiff GARCIA was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendant DEANES is liable to plaintiff GARCIA pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff, TATIANA GARCIA, Against Defendant CITY OF CHICAGO for *Monell* Claim

45. Plaintiff, TATIANA GARCIA, incorporates and alleges paragraphs 1 - 37, as though set forth herein in their entirety.

46. The misconduct described in paragraphs 1 - 37 was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly enables or encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, or control its officers, such that its failure to do so manifests deliberate indifference.

    b.    As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

    c.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case, and are indifferent to or punish officers who do step forward to report the misconduct of other officers.

    d.    The City of Chicago has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

47.    The policies and practices listed above were the moving force behind the constitutional violations alleged by plaintiff GARCIA herein. The Chicago Police Department

knew that defendant DEANES was abusive towards and stalked women since at least 2011, but the Chicago Police Department as a policy or practice failed to take any action against DEANES to curb this behavior, re-train him, or discipline him.

48. By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiff, TATIANA GARCIA, was deprived of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States. Therefore, defendant CITY OF CHICAGO is liable to plaintiff GARCIA pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff, TATIANA GARCIA, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)

49. Plaintiff, TATIANA GARCIA, incorporates and alleges paragraphs 1 - 37, as though set forth herein in their entirety.

50. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

51. Defendant DEANES was an employee of the CITY OF CHICAGO and acted within the scope of his employment in committing the misconduct described herein.

52. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, TATIANA GARCIA, requests judgment as follows against defendants, COREY DEANES and CITY OF CHICAGO, in the claims set forth above, and specifically:

  A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

B.     That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

C.     That defendant DEANES be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

D.     That the Court issue an injunction ordering the CITY OF CHICAGO to investigate, discipline, and punish defendant DEANES for his misconduct;

E.     That the Court issue a declaratory judgment declaring that the CITY OF CHICAGO engages in a code of silence by which officers fail to report misconduct committed by other officers, and is indifferent to or punishes officers who do step forward to report the misconduct of other officers.

F.     That defendants be required to pay plaintiff's attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

G.     That defendants be required to pay plaintiff's costs of the suit herein incurred; and

H.     That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**


Dated: September 21, 2019                                  /s/ Irene K. Dymkar
                                                                                               Irene K. Dymkar


Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

9

## CERTIFICATE OF SERVICE

    I, Irene K. Dymkar, an attorney, certify that on September 21, 2019, a copy of PLAINTIFF'S FIRST AMENDED COMPLAINT was served upon the attorneys for defendants named below through the Court's electronic filing system.

                      Kate McClelland
                      Kyle A. Rockershousen
                      City of Chicago Department of Law
                      30 N. LaSalle Street, Suite 900
                      Chicago, IL 60602

Dated: September 21, 2019                                    /s/   Irene K. Dymkar
                                                                           Irene K. Dymkar